# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | 1:16-cv-01858-DAD-BAM |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. No. 1) |
| STANISLAUS COUNTY, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

## I. Screening Requirement and Standard

Plaintiff Keenan Wilkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 12, 2016, is currently before the Court for screening. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at R. J. Donovan Correctional Facility. Plaintiff names the following defendants in their individual and official capacities: (1) Stanislaus County; (2) Rebecca J. Fleming, Clerk/Executive Officer; (3) Angela Segundo, Deputy Clerk; (4) Gloria Green, Deputy Clerk; (5) Jared D. Beeson, Research Attorney; (6) G. James, Deputy Clerk; (7) Michelle Salcido, Deputy Clerk; (8) Julie C. Dodge, Family Law Facilitator.

Plaintiff asserts that multiple Stanislaus County officials acted or conspired to deny and interfere with his rights to Equal Protection, Due Process and Access to Courts in the Stanislaus County family law action titled *Wilkins v. Wilkins*, No. 686620. Plaintiff repeatedly attempted to serve and file motions and pleadings, but the clerks allegedly failed in their duty to file the submissions. Plaintiff contends that he was prejudiced and injured in the action, which threated his parental, custody, property and financial rights.

Plaintiff alleges that he was served with "the action," which the Court construes as the family law action titled *Wilkins v. Wilkins*, No. 686620. On February 4, 2013, Plaintiff served a motion for appointment of counsel. Thereafter, on April 22, May 13, May 20 and May 27, 2013, Plaintiff served notice, letters and objections that he had not received any ruling on his motion for counsel. Plaintiff requested status, but his correspondence was ignored. Plaintiff subsequently learned in June 2013 from Defendant Dodge that the court issued an order on

February 8, 2013 denying counsel. The order also allowed Plaintiff to appear at hearings by phone after he timely files a response. Plaintiff alleges that the judge's clerk, Defendant James, never sent Plaintiff this order. Stanislaus County Research Attorney, Defendant Beeson, filed an informal response to Plaintiff's mandate petition admitting the order was never served on Plaintiff. Plaintiff claims that he was prejudiced with a default judgment on April 11, 2013.

On March 11, 2013, Plaintiff received a response and documents from Defendant Segundo. Plaintiff completed the forms and returned them to Defendant Segundo with a notice/letter. The response was not filed, and was returned to Plaintiff with no reason or explanation on March 27, 2013. Plaintiff resubmitted the documents to the Court on March 28, 2013, with a notice to Defendant Segundo regarding Plaintiff's confusion. The documents were not filed, and on April 11, 2013, a default judgment was granted against him. Plaintiff alleges that default was entered by Defendant Salcido, but he was not served and had to seek relief from the default judgment.

Plaintiff further alleges that his correspondence apparently was forwarded to Defendant Dodge, the Stanislaus County Family Law Facilitator. On April 30, 2013, Defendant Dodge wrote Plaintiff a letter informing Plaintiff that counsel could not be provided in a family law case. Defendant Dodge also reported that she had reviewed all of Plaintiff's prior correspondence, but Plaintiff alleges that she failed to provide any information about what Plaintiff needed to do and failed to take any action as the family law facilitator to help him.

On June 26, 2013, Plaintiff filed a writ of mandate in the Court of Appeal. The appellate court reportedly ordered an informal response. Defendant Beeson filed an informal response dated July 24, 2013. Defendant Beeson allegedly informed the court that Plaintiff's action did not warrant appointment of counsel because it was not a bona fide civil action threatening his interests. Plaintiff asserts, however, that he lost custody, parental, visitation, property, finances and assets in the judgment. The appellate court denied the petition on July 31, 2013.

Plaintiff filed a request for relief from default on June 19, 2013, which was granted. Plaintiff then began to serve numerous motions that were not filed by the family law clerk, Defendant James. One of the motions was a challenge for cause against Judge Jack Jacobson.

Plaintiff served Judge Jacobson's clerk. Defendant James reportedly failed to file the motion, and also failed to file Plaintiff's motions to compel discovery served on September 20 and October 28, 2013.

Plaintiff filed a writ of mandate in the court of appeal based on the trial court's purported failure to hear the discovery motions. The appellate court ordered an informal response regarding whether Plaintiff filed a request for order to comply with discovery with the Stanislaus County Superior Court and, if so, how the court ruled on the request. On November 26, 2013, Defendant Gloria Green, a family division clerk, reportedly falsified that no such motion was filed or heard by the court. The appellate court then denied Plaintiff's petition.

On December 9, 2013, the trial court issued an order against Plaintiff's custody, parental, visitation and property rights.

On September 16, 2016, Plaintiff filed a Request for Hearing (Motion to Vacate) that was denied on November 10, 2016. Plaintiff wrote a letter to the family law self-help facilitator's office "seeking to know the next step after denial of a Family Law FL-300 Petition." (ECF No. 1, p. 8.) Defendant Dodge sent Plaintiff a letter dated November 21, 2016, denying him any information.

Plaintiff alleges that Defendant Stanislaus County failed to train its employees in the filing of documents from pro se incarcerated litigants and allowed the practice of not filing documents from February to December 2013. Plaintiff also alleges that Defendant Rebecca Fleming, Clerk/Executive Officer of the Stanislaus County Superior Court, failed to train employees and allowed the practice of not filing Plaintiff's submissions from February to December 2013.

Plaintiff contends that Defendant Segundo, a deputy clerk, sent him family law forms to fill out and return. Although Plaintiff completed and returned forms twice, Defendant Segundo failed to file the documents and Plaintiff received an adverse default judgment on April 11, 2013. Plaintiff claims that Defendant Segundo violated his rights to due process, equal protection and access to the courts.

1  Plaintiff further contends that Defendant Green, a court clerk, falsified to the appellate court that Plaintiff had not filed any requests to compel discovery, resulting in Plaintiff's petition being denied. Plaintiff claims that Defendant Green violated his rights to due process, equal protection and access to the courts.

Plaintiff also contends that Defendant Beeson falsified to the appellate court that Plaintiff's action was not threatening any interests, resulting in Plaintiff's petition being denied. Plaintiff claims that Defendant Beeson interfered with his rights to due process, equal protection and access to the courts.

Plaintiff asserts that Defendant James, a court clerk, directly failed to file most of his submissions. Plaintiff claims that Defendant James denied him due process, equal protection and access to the courts.

Plaintiff further asserts that Defendant Salcido is the clerk that entered a default judgment against him even though he had twice submitted his response for filing. Plaintiff claims that Defendnat Salcido conspired to violate his equal protection rights.

Plaintiff also asserts that Defendant Dodge denied him "equal protection to self help assistance as similarly situated litigants." (ECF No. 1, p. 12.) Plaintiff also claims that Defendants Green, Beeson, James, Salcido and Dodge conspired to deny Plaintiff equal protection.

### III. Discussion

#### A. Eleventh Amendment Immunity

Plaintiff names Stanislaus County as a defendant, arguing that the county is liable based on its failure to train the court clerks and on its practice allowing its employees not to file documents. Plaintiff's allegations against Stanislaus County are more properly characterized as allegations against Stanislaus County Superior Court related to its training of employees and related practices. However, Plaintiff cannot state a claim against the Stanislaus County Superior Court because such suits are barred by the Eleventh Amendment. See Greater L.A. Council on Deafness Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment).

**B. Quasi-Judicial Immunity**

Court clerks have absolute quasi-judicial immunity from suits requesting damages or injunctive relief "when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Court law clerks (research attorneys) also enjoy judicial immunity when performing roles integral to the judicial process. See In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002).

Here, Plaintiff's assertions regarding accepting or rejecting documents for filing, entering default judgment, and submitting responses to inquiries from the appellate court are all tasks part of the judicial process. Therefore, Plaintiff's complaint fails to state a cognizable claim against the Stanislaus County Superior Court Clerks or other court employees. See, e.g., Sermeno v. Lewis, No. 1:16-cv-01582 LJO-BAM (PC), 2017 WL 117879, at *2-3 (E.D. Cal. Jan. 11, 2017) (state superior court clerks entitled to quasi-judicial immunity for allegedly refusing or failing to file plaintiff's documents); Palacios v. Fresno County Super. Ct., No. 1:09cv0554 OWW DLB, 2009 WL 3416173, at *4-5 (E.D. Cal. Oct. 21, 2009).

**C. Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id., at 354. Here, Plaintiff's family law action is not a criminal appeal, habeas petition or civil rights action. Accordingly, Plaintiff cannot state a claim against any of the defendants based on a purported denial of access to the courts.

**IV. Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, the Court will grant him an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **May 2, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

7