# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, et al,<br><br>    Defendants. | Case No. 1:16-cv-01858-DAD-BAM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 6) |

Plaintiff Keenan Wilkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 3, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. In so doing, the Court determined that (1) Plaintiff could not state a claim against the Stanislaus County Superior Court because such suits are barred by the Eleventh Amendment; (2) Plaintiff's complaint failed to state a cognizable claim against the Stanislaus County Superior Court Clerks or other court employees because they were entitled to quasi-judicial immunity; and (3) Plaintiff's complaint failed to state a cognizable claim for denial of access to the courts. (ECF. No. 5.)

On June 1, 2017, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60. The motion is deemed submitted. Local Rule 230(l).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

1

clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff argues that the Court erred by determining that Stanislaus County Superior Court Clerks or other court employees were entitled to quasi-judicial immunity; by finding that his complaint failed to state a cognizable claim for denial of access to the courts; and by failing to address his Equal Protection and conspiracy claims. First, Plaintiff contends that the court clerks and court employees are not entitled to absolute immunity because they were engaged in ministerial tasks. However, as indicated in the Court's screening order, court clerks and research attorneys are entitled to immunity from Plaintiff's claim for damages when performing tasks integral to the judicial process, such as allegedly refusing to file documents. See, e.g., Sermeno v. Lewis, No. 1:16-cv-01582 LJO-BAM (PC), 2017 WL 117879, at *2-3 (E.D. Cal. Jan. 11, 2017) (state superior court clerks entitled to quasi-judicial immunity for allegedly refusing or failing to file plaintiff's documents); Palacios v. Fresno County Super. Ct., No. 1:09cv0554 OWW DLB, 2009 WL 3416173, at *4-5 (E.D. Cal. Oct. 21, 2009).

To the extent that Plaintiff asserts that immunity does not bar declaratory, prospective and equitable relief in section 1983 actions, Plaintiff does not identify the specified relief that he seeks nor does he identify any defendant against whom declaratory or injunctive relief is sought. Plaintiff's complaint merely states that he is seeking "declaratory relief" and "prospective relief," but provides no other information or support. (ECF No. 1 at p. 3.)

Plaintiff next argues that he has right to access the courts for his civil action. As the Court

previously explained, the right of access to courts for a prisoner is limited and applies only to direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). The documents Plaintiff asserts that he was not able to file in state court are not related to direct criminal appeals, habeas petitions or civil rights actions. Instead, Plaintiff alleges that he was attempting to file documents in a family law action, Wilkins v. Wilkins.

Finally, Plaintiff argues that the Court erred by failing to address his Equal Protection or section 1985 conspiracy claim. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). Neither Plaintiff's complaint nor his motion for reconsideration provide any facts to support a claim that he was discriminated against on the basis of his membership in a protected class or that similarly situated individuals were treated differently.

Further, no allegations in Plaintiff's complaint or his motion for reconsideration state a cognizable section 1985 conspiracy claim. To state a claim under 42 U.S.C. § 1985, Plaintiff must allege a conspiracy motivated by race or class-based, invidious animus. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002). "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted). Plaintiff fails to allege sufficiently any facts which demonstrate that there was a conspiracy, or that any deprivation of rights was racial or class-based in motivation. Mere allegations of conspiracy without factual specificity are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

For these reasons, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration (ECF No. 6) is denied;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order and the screening order issued on May 3, 2017; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 6, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE