# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, et al.,<br><br>    Defendants. | 1:16-cv-01858-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM AND DENIAL OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL<br><br>(Doc. Nos. 10, 11)<br><br>FOURTEEN-DAY DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Keenan Wilkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 3, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (Doc. No. 5.) Plaintiff filed a first amended complaint on January 8, 2018, along with a motion for certification of an interlocutory appeal of the Court's initial screening order. (Doc. Nos. 10, 11.) Plaintiff's first amended complaint is currently before the Court for screening. (Doc. No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is currently housed at R. J. Donovan Correctional Facility. Plaintiff names the following defendants in their individual and official capacities: (1) Stanislaus County; (2) Angela Segundo, Deputy Clerk; (3) Gloria Green, Deputy Clerk; (4) Rebecca J. Fleming, Clerk, Executive Officer; (5) Michelle Salcido, Deputy Clerk and (6) Julie C. Dodge, Family Law Facilitator.

Plaintiff asserts that multiple individuals acted or conspired to deny, interfere with and obstruct his rights to Equal Protection and Access to Courts between February 2013 and November 2016. Plaintiff alleges that he was served with a divorce action filed in Stanislaus County Superior Court, No. 686620, which threated not only his parental/custody rights as to his two minor children, but also his property and financial rights.

On February 4, 2013, Plaintiff served a motion for counsel. Thereafter, on April 22, May 13, May 20 and May 27, 2013, Plaintiff served notices, letters and objections that he had not

received any ruling on his motion for counsel, but his correspondence was ignored by the court clerks. In July 2013, Plaintiff learned that Deputy Clerk G. James never sent the court's order denying counsel dated February 8, 2013.

On March 11, 2013, Plaintiff received response documents from Defendant Segundo. Plaintiff completed the forms and returned them to Defendant Segundo with a notice. The response was not filed, and was returned to Plaintiff with no reason or explanation. On March 28, 2013, Plaintiff resubmitted the documents to the Court with a notice to Defendant Segundo. These documents were never filed or returned.

On April 11, 2013, a default judgment was granted against him. Plaintiff alleges that default was entered by Defendant Salcido without any notice to Plaintiff. Plaintiff petitioned for relief, which was granted.

Plaintiff asserts that he began to serve numerous motions that Defendant Fleming allowed Deputy Clerks not file in violation of state law and in violation of Plaintiff's rights to Equal Protection and Access to the Courts. Plaintiff alleges that Defendant G. James refused to file Plaintiff's challenge for cause, motion to compel discovery and other motions.

Plaintiff filed a writ of mandate in the Fifth District Court of Appeal. The appellate court reportedly ordered an informal response indicating whether Plaintiff filed a request for order to comply with discovery and, if so, how the court ruled on the request. Plaintiff asserts that on November 26, 2013, Defendant Green falsified a response to the Court of Appeal that no such motion was filed or heard by the court. Plaintiff alleges that he filed/served those motions on September 20, 2013 and October 28, 2013. The Court of Appeal then denied the writ of mandate.

On December 9, 2013, Plaintiff alleges that the trial court issued an order against Plaintiff, taking away his parental custody, property and financial rights. On September 16, 2016, Plaintiff filed a motion to vacate the trial court's judgment, which was denied on November 10, 2016. Plaintiff then wrote a letter to Defendant Dodge, the Family Law Facilitator, seeking the next step after the denial. Defendant Dodge sent Plaintiff a letter dated November 21, 2016, denying him any help, information or assistance in violation of his rights to

Equal Protection as to similarly situated individuals seeking help from the Facilitator's Self-Help Office.

Plaintiff seeks injunctive and declaratory relief, along with damages.

### III. Discussion

#### A. Eleventh Amendment Immunity

Plaintiff names Stanislaus County as a defendant. However, Plaintiff's allegations against Stanislaus County are more properly characterized as allegations against Stanislaus County Superior Court. Plaintiff cannot state a claim against the Stanislaus County Superior Court because such suits are bared by the Eleventh Amendment. See Simmons v. Sacramento Cty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment").

Insofar as Plaintiff is attempting to pursue damages claims against court employees in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991).

Thus, Plaintiff may only proceed against defendants in their individual capacities for monetary damages and in their official capacities for injunctive relief. Nevertheless, as explained below, Plaintiff cannot state a cognizable claim against any of the defendants—whether in their individual or in their official capacities.

#### B. Quasi-Judicial Immunity

Court clerks have "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process ... unless [the] acts were done in the clear absence of all jurisdiction." Mullis v. U.S. Bankr.Court, 828 F.2d

1385, 1390 (9th Cir.1987). This includes merely administrative acts that are a part of the judicial function, including a clerk's filing or refusing to file documents with the court. Id.; see In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002).

Here, Plaintiff's assertions regarding accepting or rejecting documents for filing, entering default judgment, and submitting responses to inquiries from the appellate court are all tasks part of the judicial process. Therefore, Plaintiff's complaint fails to state a cognizable claim against the Stanislaus County Superior Court Clerks or other court employees. See, e.g., Sermeno v. Lewis, No. 1:16-cv-01582 LJO-BAM (PC), 2017 WL 117879, at *2-3 (E.D. Cal. Jan. 11, 2017) (state superior court clerks entitled to quasi-judicial immunity for allegedly refusing or failing to file plaintiff's documents); Palacios v. Fresno County Super. Ct., No. 1:09cv0554 OWW DLB, 2009 WL 3416173, at *4-5 (E.D. Cal. Oct. 21, 2009).

**C. Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348; Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3); Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

As indicated above, Plaintiff cannot state a cognizable access to courts claim against the superior court's employees because they are entitled to quasi-judicial immunity. Plaintiff also cannot state a cognizable access to courts claim against any defendant because such a claim is limited to direct criminal appeals, habeas petitions and civil rights actions, and does not include divorce proceedings in state court. Even if this were not the case, Plaintiff has not identified any actual injury suffered as a result of his inability to file documents. First, Plaintiff complains about the lack of response to his motion for the appointment of counsel. However, Plaintiff was not prevented from filing the motion for appointment of counsel and, as admitted, he ultimately

learned that the court had denied his motion. Second, Plaintiff complains that he submitted documents to the court that were never filed and default was entered against him. However, Plaintiff admits that after default was entered, he successfully petitioned for relief. Third, Plaintiff complains that he was not able to file certain documents, such as a challenge for cause, motion to compel discovery and other motions. However, Plaintiff also admits that he was able to pursue his allegations regarding unfiled documents with the state appellate court. There is no indication that any court employees prevented Plaintiff from filing documents with the appellate court. Fourth, Plaintiff complains that the trial court issued an order against him on December 9, 2013, taking away his parental custody, property and financial rights. However, Plaintiff admits that he was able to file a motion to vacate the judgment, which was denied. Although Plaintiff did not receive the hoped-for assistance from the Family Law Facilitator after the denial, there is no indication that Plaintiff was wholly unable to submit documents relating to his divorce proceedings or that he was unable to pursue any post-judgment remedies, if available.

### D. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not stated a cognizable Equal Protection claim. Plaintiff's complaint does not provide any facts to support a claim that he was discriminated against on the basis of his membership in a protected class or that similarly situated individuals were treated differently. Plaintiff's conclusory allegation that Defendant Dodge, the Family Law Facilitator, purportedly denied Plaintiff the help proffered to similarly situated individuals is not sufficient.

### IV. Motion for Certification of Interlocutory Appeal

The Court intends to recommend that this action be dismissed in its entirety for failure to state a claim. Following dismissal of this action, Plaintiff may seek a direct appeal, if he so chooses, and an interlocutory appeal will no longer be necessary. Therefore, the Court will recommend that Plaintiff's motion for certification of an interlocutory appeal be denied as moot.

### V. Conclusion and Recommendations

Plaintiff's complaint fails to state a cognizable claim. Despite being provided with the relevant legal and pleading standards, Plaintiff has been unable to cure the identified deficiencies, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A; and
2. Plaintiff's motion for certification of an interlocutory appeal be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 16, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE